UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEFFREY ACOSTA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 3:21-cv-00816 |
| | ) |
| TEXAS DEPARTMENT OF | ) |
| CRIMINAL JUSTICE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, JEFFREY ACOSTA ("Plaintiff" or "Acosta") and files his complaint against Defendant, TEXAS DEPARTMENT OF CRIMINAL JUSTICE ("Defendant" or "TDCJ") and in support he states the following:

**NATURE OF THE ACTION**

1. This is an action for monetary damages and injunctive relief, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Texas Commission on Human Rights Act, 1.3.3 Article 5221K, *et seq.* ("TCHRA") to redress Defendant's unlawful employment practices against Plaintiff including discrimination, harassment, and hostile work environment because of his race and national origin, and retaliation following his engagement in protected activity, leading to Plaintiff's unlawful termination under pretext.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII.

1

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5. Plaintiff is a citizen of the United States and, at all times material, his primary residence was in Dallas County, Texas.

6. Defendant is the state prison system, an agency of the State of Texas. Tex. Gov't Code § 493.004 and is a recipient of federal funds. Defendant may be served with process by serving its Executive Director, Bryan Collier, at 861 N I-45, Suite 205, Huntsville, TX 77340.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On or about May 31, 2017, Plaintiff dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division ("TWCCRD"), satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on race, color, national origin, and retaliation.

10. Plaintiff's charge was filed within one hundred and eighty days after the unlawful employment practices occurred.

11. On January 12, 2021, Plaintiff received a copy of the EEOC's Dismissal and Notice of Rights.

12. This complaint was filed within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**FACTUAL ALLEGATIONS**

13. Plaintiff is a Hispanic male. Plaintiff was born in the United States and his grandparents are from Mexico.

14. At all times material, Plaintiff worked for Defendant at its Hutchins State Jail facility located at 1500 East Langdon Road, Dallas, TX 75241.

15. Plaintiff began his employment with Defendant on or about February 22, 2015 and he held the position of HVAC Supervisor IV Maintenance at the time of his termination.

16. During his employment with Defendant, Plaintiff was the only Mexican, Hispanic employee in his department.

17. Plaintiff was subjected to a discriminatory and hostile work environment while employed with Defendant beginning in October of 2016.

18. Plaintiff was regularly berated by his coworkers with discriminatory comments about his race and/or national origin including being told they were, "tired of all these taco-eating beaners that come to this country and live here, get into car accidents with no coverage, and then go back to where they came from."

19. On another occasion, Plaintiff notice that one of the calendars in the workplace included recognition for Cesar Chavez Day; however, someone had crossed it out and wrote in "El Chapo Day."

20. Plaintiff was also informed on another occasion that John Hilley (Caucasian), Maintenance Supervisor IV, had approached a prisoner worker and told the prisoner to set Plaintiff

3

up for theft or misplacement of a sensitive tool in an attempt to sabotage Plaintiff's continued employment with Defendant.

21. On or about November 18, 2016, Plaintiff filed a complaint with Michael Mackey, Senior Warden, regarding discrimination, hostile work environment, and physical threats he was receiving from his Caucasian peers. Plaintiff specifically lodged a complaint against Brad Lowery (Caucasian), Maintenance Supervisor IV.

22. Defendant alleged that an investigation occurred; however, all it did was ask the individuals Plaintiff complained about if they made any discriminatory comments towards Plaintiff. When the individuals denied making the comments, the investigation was closed less than a month later, on or about December 15, 2016, without any further action.

23. Plaintiff was thereafter subjected to retaliation because of his protected complaints.

24. On February 16, 2017 Plaintiff was informed that he was under disciplinary investigation for allegedly failing to keep track of the required documentation for the location's refrigerant logs. Defendant alleged that the maintenance logs did not correspond with the inventory on hand.

25. Plaintiff denies that he acted out of compliance with his training.

26. Mr. Hilley trained Plaintiff on the procedures for documenting refrigerant and he was informed that in order to properly log the refrigerant he was supposed to be provided with a work order for the job which required its use prior to it being provided to the individual needing to utilize it.

27. While this was the training Plaintiff was given, these steps were not implemented in the workplace. On numerous occasions Plaintiff was told to acquire Mr. Hilley's keys to the refrigerant store cage (Mr. Hilley was the only individual with a set of keys) and to provide access

to the refrigerant to contractors or other technicians. These orders were given to Plaintiff by his superiors including Michael Hodges (Caucasian), Maintenance Unit Supervisor and Leann McCasland (Caucasian), Program Supervisor IV. It was their responsibility to generate the work orders for Plaintiff, yet they failed to do so.

28. Plaintiff was unable to document and complete the refrigerant logs as he was not provided with the requisite work orders to do so.

29. An employee hearing regarding the allegations being levied against Plaintiff was held on March 14, 2017.

30. On April 12, 2017, Defendant mailed Plaintiff a certified letter informing him that his employment had been formally terminated due to his alleged failure to keep track of the required documentation for the location's refrigerant logs.

31. Mr. Hilley was not terminated for his alleged failure to keep track of the required documentation for the location's refrigerant logs despite Mr. Hilley having the same, if not more, responsibility for the logs as Plaintiff.

32. Plaintiff has been damages by Defendant's illegal conduct.

33. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count I: Race Discrimination in Violation of Title VII**

34. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33, above.

35. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning Title VII.

36. At all times relevant to this action, Plaintiff was in a protected category under Title VII because his race, Hispanic

37. Defendant is prohibited under Title VII from discriminating against Plaintiff because of his race with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

38. Defendant violated Title VII by unlawfully terminating and discriminating against Plaintiff based on his race.

39. Plaintiff has been damaged by the illegal conduct of Defendant.

40. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

41. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

### Count II: National Origin Discrimination in Violation of Title VII

42. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33, above.

43. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning Title VII.

44. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his national origin, whether actual or perceived.

45. Defendant is prohibited under Title VII from discriminating against Plaintiff because of his national origin with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

46. Defendant violated Title VII by unlawfully terminating and discriminating against Plaintiff based on his national origin.

47. Plaintiff has been damaged by the illegal conduct of Defendant.

48. Defendant's discriminatory conduct, in violation of Title VII, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

49. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

### Count III: Retaliation in Violation of Title VII

50. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33, above.

51. Plaintiff engaged in protected activity under Title VII on more than one occasion while employed by Defendant.

52. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

53. Defendant's conduct violates Title VII.

54. Plaintiff has satisfied all statutory prerequisites for filing this action.

55. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

56. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling them to compensatory damages.

### Count IV: Race Discrimination in Violation of the TCHR

57. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33, above.

58. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning TCHR.

59. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his race, Hispanic.

60. Defendant is prohibited under TCHR from discriminating against Plaintiff because of his race with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

61. Defendant violated TCHR by unlawfully terminating and discriminating against Plaintiff based on his race

62. Plaintiff has been damaged by the illegal conduct of Defendant.

63. Defendant's discriminatory conduct, in violation of TCHR, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

64. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

### Count V: National Origin Discrimination in Violation of the TCHR

65. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33, above.

66. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning TCHR.

67. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his national origin, whether actual or perceived.

68. Defendant is prohibited under TCHR from discriminating against Plaintiff because of his national origin with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

69. Defendant violated TCHR by unlawfully terminating and discriminating against Plaintiff based on his national origin.

70. Plaintiff has been damaged by the illegal conduct of Defendant.

71. Defendant's discriminatory conduct, in violation of TCHR, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

72. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

## Count VI: Retaliation in Violation of the TCHR

73. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33, above.

74. Plaintiff engaged in protected activity under the TCHR on more than one occasion while employed by Defendant.

75. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

76. Defendant's conduct violates the TCHR.

77. Plaintiff has satisfied all statutory prerequisites for filing this action.

78. Defendant's discriminatory conduct, in violation of the TCHR, has caused Plaintiff to suffer losses of pay, benefits, and prestige for which Plaintiff is entitled to damages.

79. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, and prejudgment interest thereon;

b) Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gabrielle Klepper**
Gabrielle Klepper, Esq.
Texas Bar Number: 24090213
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
Gabrielle.klepper@spielbergerlawgroup.com

*Attorneys for Plaintiff*