UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEFFREY ACOSTA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:21-CV-0816-B |
| § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Texas Department of Criminal Justice ("TDCJ")'s Motion for Judgment on the Pleadings (Doc. 14). For the reasons that follow, the Court **GRANTS** the motion and **DISMISSES** Plaintiff Jeffrey Acosta's claims. The Court, however, **GRANTS** Acosta leave to amend his complaint to address the deficiencies identified in this Order.

### I.

### BACKGROUND

This is a racial discrimination case.[1] Plaintiff Jeffrey Acosta is a Hispanic man whose grandparents are from Mexico. Doc. 11, Am. Compl., ¶ 12. Between February 22, 2015, and April 12, 2017, he worked as an HVAC Supervisor at TDCJ's Hutchins State Jail facility in Dallas, Texas. *Id.* ¶¶ 13–14. Acosta claims that he "was the only Mexican, Hispanic employee in his department" and that "beginning in October 2016" he "was subjected to a discriminatory and hostile work

---

[1] Acosta styles his claim as one for racial discrimination based on his Hispanic race and also references his grandparents' national origin of Mexico. Doc. 11, Am. Compl., ¶¶ 15–16. The parties do not challenge Acosta's labeling of the claim so the Court does not consider whether the claim is properly labeled.

- 1 -

environment" based on his ethnicity. *Id.* ¶¶ 15–16. During that time, coworkers "regularly berated" him "with discriminatory comments" and used a derogatory racial epithet to describe people of Mexican heritage, Acosta says. *Id.* ¶ 17. Coworkers also crossed out an office calendar's reference to Cesar Chavez Day and wrote in "El Chapo Day," he claims. *Id.* ¶ 18. Acosta further alleges that a coworker "approached a prisoner worker and told the prisoner to set [Acosta] up for theft or misplacement of a sensitive tool in an attempt to sabotage [Acosta's] continued employment with [TDCJ]." *Id.* ¶ 19.

In response to these conditions, Acosta filed a complaint with the facility's Senior Warden, on or about November 18, 2016, alleging "discrimination, hostile work environment, and physical threats he was receiving from his Caucasian peers." *Id.* ¶ 20. The investigation that followed merely consisted of "ask[ing] the individuals [Acosta] complained about if they made any discriminatory comments towards [Acosta]," Acosta alleges, and that "[w]hen the individuals denied making the comments, the investigation was closed less than a month later, without any further action" taken against the alleged offenders. *Id.* ¶ 21.

But, Acosta claims that TDCJ *did* take retaliatory actions against him. *Id.* ¶ 22. On February 16, 2017, Acosta was told he was under disciplinary investigation for failing to follow procedures for documenting refrigerant logs. *Id.* ¶ 23. Acosta claims that he never "acted out of compliance with his training" and that his supervisors failed to provide him with the work orders he needed to properly document the refrigerant logs. *Id.* ¶¶ 24–29. After an employee hearing, Acosta was notified on April 12, 2017, that his employment had been terminated. *Id.* ¶¶ 24–29. Acosta maintains that the true reason for this termination was retaliation for his protected complaints. *See id.* ¶¶ 22–30.

On or about May 31, 2017, Acosta filed a charge of discrimination with the EEOC. *Id.* ¶ 8. The filing was made within 180 days after the alleged unlawful employment practices occurred. *Id.* ¶ 9. Acosta claims that he first "received a copy of the EEOC's Dismissal and Notice of Rights" (the "Right to Sue Letter") on January 11, 2021.[2] *Id.* ¶ 10. On that date, the EEOC investigator assigned to Acosta's claim replied to an email from Acosta's counsel, informing counsel that the EEOC had dismissed Acosta's case on September 16, 2020, and attaching a copy of the Right to Sue Letter. Doc. 22-3, EEOC Email. The investigator's email stated that copies of the Right to Sue Letter "were sent to" Acosta's counsel and to Acosta. *Id.* Acosta filed his original complaint in the present suit on April 8, 2021, within ninety days of receiving the investigator's email, asserting claims for employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964. Doc. 1, Original Compl.; Doc. 11, Am. Compl.

On June 11, 2021, TDCJ moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), claiming that "[u]pon review of [EEOC records related to this case] . . . it has . . . become apparent that all of Acosta's Title VII claims . . . are time-barred." Doc. 14, Def.'s Mot., 1. "By law, Title VII claims cannot be filed more than 90 days after the EEOC gives notice to the employee of his right to sue, and Acosta waited more than six months," TDCJ claims. *Id.* at 1–2. TDCJ arrives at the six-month time frame by calculating that Acosta received notice of his right to sue not on January 11, 2021, when he received the investigator's email, but soon after September 16,

---

[2] Acosta's amended complaint states that he received the Right to Sue Letter on January 12, 2021. Doc. 11, Am. Compl., ¶ 10. Acosta has since stated that the January 12 date was a "scrivener's error" and that the correct date of receipt was January 11, 2021. Doc. 22, Pl.'s Resp., 2 n.1. As the one-day difference is not material to the Court's analysis of the time-bar issue, the Court accepts the January 11 date correction without analyzing the nature of the misstatement.

2020, the "date mailed" printed on the Right to Sue Letter. *Id.* at 4; Doc. 14-2, EEOC Dismissal. Noting that TDCJ received its copy of the Right to Sue Letter on September 18, 2020, TDCJ argues that the Court should presume that Acosta received the letter no later than September 23, 2020, seven days after the purported mailing. Doc. 14, Def.'s Mot., 4. Acosta argues that no presumption of receipt is appropriate because evidence suggests the EEOC did not mail him the letter on September 16, 2020. Doc. 22, Pl.'s Resp., 3–4. His response to TDCJ's motion includes additional claims that the letter was not mailed to him on September 16, 2020 ("the failure-to-mail allegation"), and attached evidence to support this allegation. *Id.*; Doc. 22-4, Right to Sue Letters. Alternatively, Acosta argues in his response, his claims are subject to equitable tolling. *Id.* at 5.

The motion is fully briefed and is ripe for review. The Court considers it below.

## II.

## LEGAL STANDARD

A party may move for judgment on the pleadings after the pleadings are closed and when doing so would not delay the trial. FED. R. CIV. P. 12(c). A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted). A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

In analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6), "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re*

*Katrina Canal Breaches Litig.*, 495 F.3d at 205 (quotations omitted). A Rule 12(b)(6) motion to dismiss should be granted only if the complaint does not include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). However, a complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Court's review under Rule 12(b)(6) is limited to a plaintiff's allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the plaintiff's claims. *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). Otherwise, "the motion to dismiss must be treated as a motion for summary judgment under Rule 56(c)." *Id.*

## III.

## ANALYSIS

Below, the Court considers whether Acosta's pleadings and the attachments to those pleadings, viewed in the light most favorable to Acosta, raise a presumption that Acosta first received the Right to Sue Letter shortly after its alleged mailing on September 16, 2020, rather than on January 11, 2021. The Court concludes that applying such a presumption is potentially appropriate but that Acosta is entitled to replead his complaint to rebut application of the presumption. Therefore, the Court **GRANTS** TDCJ's motion and **DISMISSES WITHOUT PREJUDICE**

Acosta's claims. Then, the Court **GRANTS LEAVE** for Acosta to file a second amended complaint that includes the failure-to-mail allegation.

A.      *The Court Grants Dismissal of Acosta's Claims Without Prejudice*

A plaintiff claiming employment discrimination "must exhaust administrative remedies before pursuing [Title VII] claims in federal court." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). This requires that the plaintiff file a timely charge with the EEOC, receive a statutory notice of right to sue from the EEOC, and file a civil action within ninety days after receiving the notice. *Id.* at 379. "[T]he ninety-day filing limitation period" requirement "is strictly construed" and "begins to run on the date that the EEOC right-to-sue letter is received." *Id.* (emphasis omitted). "When the date on which a right-to-sue letter was actually received is either unknown or disputed," courts may use a "mailbox rule" to presume that the letter was received within a reasonable time after the date of mailing. *Id.* (citing *Lozano v. Ashcroft*, 258 F.3d 1160, 1164 (10th Cir. 2001); *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984)); *see also Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 419 (5th Cir. 2007) (noting that "[t]he version of the mailbox rule" used under these circumstances "provides that the proper and timely mailing of a document raises a rebuttable presumption that the document has been received by the addressee in the usual time"). However, "[a] threshold question for the application of [this] mailbox rule is whether there is sufficient evidence that the letter was actually mailed." *Custer*, 503 F.3d at 419.

Acosta's Amended Complaint simply states that he received the Right to Sue Letter on January 11, 2021, and timely filed suit within ninety days of that date. Doc. 11, Am. Compl., ¶¶ 10–11. His response to TDCJ's motion first asserts the failure-to-mail allegation, which proceeds as follows. *See* Doc. 22, Resp., 4. According to the response, Acosta's attorney moved offices between

the time that Acosta's EEOC charge was filed and his Right to Sue Letter issued. *Id.* Though the firm notified the EEOC of its new address, "the EEOC failed to update the firm's mailing address," so that during the time at issue "correspondence . . . from the EEOC was all being forwarded to the firm's new address." *Id.* As evidence of the forwarding issue, Acosta attaches ten other right to sue letters sent during this time to the firm's old address and forwarded to the new. *Id.*; Doc. 22-4, Right to Sue Letters. Even with the forwarding delay, the firm received these ten letters "within two to ten days of the date they were dated/issued." *Id.* However, three other right to sue letters issued in August and September 2020—for Acosta and two other clients—were never received by the firm or the clients. *Id.* These three missing letters were all issued by the investigator assigned to Acosta's case, while none of the ten letters received was issued by the investigator assigned to Acosta's case. *Id.* Further, the three letters issued by Acosta's investigator "were the only Right to Sue notices the firm did not receive." *Id.* So, "[w]hile the failure to receive one notice could be considered an error with the U.S. Postal service, the likelihood of the three Right to Sue notices issued by [Acosta's investigator] all failing to reach [counsel's] office and those being the only notices the firm did not receive seems implausible," Acosta argues. *Id.* "[A] more likely presumption is that [these three] Right to Sue notices were in fact not mailed," he concludes. *Id.* at 5. Acosta contends that discovery will reveal additional evidence in support of the failure-to-mail allegation, and so the Court should not dismiss his claims as time-barred. *Id.* at 7.

TDCJ counters with four reasons that the Court should now presume that Acosta received the Right to Sue Letter in September 2020. First, TDCJ notes it received its copy of the letter on September 18, 2020, two days after the mailing date listed on the letter. *See* Doc. 24, Def.'s Reply, 1; Doc. 14-2, EEOC Dismissal. TDCJ claims this warrants an inference that the copies sent to Acosta

and his counsel were also mailed and presumably received. Doc. 24, Def.'s Reply, 1. Second, TDCJ argues that the EEOC investigator's email of January 11, 2021, stating that "a Dismissal and Notice of Rights *were sent* to your organization and to the Charging Party," belies "Acosta's contention that the EEOC did not provide notice to him or his attorney" before that date. *Id.* at 4 (emphasis in original) (quoting Doc. 22-3, Robinson Email). Third, TDCJ notes that copies of the letter were supposedly mailed to both Acosta's counsel—whose office address EEOC failed to update—and to Acosta himself at his home address—"which [Acosta] does not claim changed during the relevant time period." *Id.* at 3 & n.3. So, even if the firm did not receive the letter due to mail forwarding issues, Acosta surely did, TDCJ argues. *Id.* And finally, TDCJ claims that Acosta resorts to "personally blam[ing] . . . [the EEOC investigator] assigned to his case, insinuating that she was negligent in [failing to send] Notices of Right to Sue in not only Acosta's case, but also two other cases handled by his attorney." *Id.* at 3. Such "unsubstantiated aspersions of blame, at most, create a 'dispute' over when the notice was received, triggering the presumption of timely receipt." *Id.* at 3–4 (quoting *Taylor*, 296 F.3d at 378–79).

TDCJ asserts that Acosta's case is similar to the cases of *Gamel v. Grant Prideco L.P.*, 625 F. App'x 690 (5th Cir. 2015) and *Thompson v. Legal Aid of Nw. Tex.*, 2019 WL 1116607 (N. D. Tex. Feb. 21, 2019). Doc. 14, Def.'s Mot., 4 (discussing *Thompson*); Doc. 24, Def.'s Reply, 5 (discussing *Gamel*). TDCJ further asserts that the Court should dismiss Acosta's claims with prejudice, as did the courts in *Gamel* and *Thompson*. Doc. 14, Def.'s Mot., 4 (discussing *Thompson*); Doc. 24, Def.'s Reply, 5 (discussing *Gamel*). As explained below, the Court finds that neither of these cases shows that TDCJ is entitled to dismissal with prejudice of Acosta's claims.

First, *Gamel* involved resolution of disputed factual issues on summary judgment. 625 F.

A'ppx at 693. Below, the Court finds that it may not now consider evidence outside the pleadings, which would convert TDCJ's 12(c) motion to one for summary judgment. Therefore *Gamel* is distinguishable. Second, *Thompson* was resolved on a motion for judgment on the pleadings after the plaintiff had been given opportunity to replead and address a time-bar issue raised by the defendant's 12(c) motion, yet still failed to present nonconclusory allegations in her amended pleading. 2019 WL 1116607, at *4. Below, the Court finds that Acosta, unlike the *Thompson* plaintiff, has not had opportunity to replead and address the time-bar issue presented in TDCJ's motion. Acosta's response to TDCJ's motion and the attachments thereto—which are outside the pleadings and cannot be considered on this procedural posture—argue specific facts that, if proven, might allow his claim to proceed. *See* Doc. 14, Pl.'s Resp., 4. Therefore, the Court grants Acosta leave to file a second amended complaint to include the failure-to-mail allegation.

### 1.     Conversion to Summary Judgment is Not Appropriate

A court may only convert a motion filed under Rule 12(c) to one for summary judgment—as happens when the court considers evidence outside the pleadings—after all parties are "given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). Because such conversion was appropriate in *Gamel* but is not appropriate here, the Court finds these cases distinguishable.

In *Gamel*, the plaintiff claimed he did not receive a right to sue letter dated May 20, 2014, until June 26, 2014. 625 F. App'x at 692. In support of his claim, the plaintiff offered his sworn declaration and an envelope postmarked June 26. *Id.* His former employer, moving to dismiss, presented evidence it had obtained from the EEOC: an EEOC employee's affidavit "stating that her records indicated the right-to-sue letter was mailed on May 20, 2014, [and] the EEOC log indicating

the same." *Id.* at 693. Weighing this evidence against the plaintiff's, the district court found the plaintiff's evidence unpersuasive, applied a presumption of receipt based on the May mailing date, and dismissed the plaintiff's Title VII claims as time-barred. *Id.* at 692–93. Importantly, the Fifth Circuit noted on review that by "consider[ing] the affidavit, sworn declaration, and EEOC log, [the district court] converted the motion to dismiss into a motion for summary judgment." *Id.* at 693. The record did not "indicate that either party was not given a reasonable opportunity" to present material in support of its claims. *Id.* And neither the plaintiff's declaration nor the postmarked envelope created a genuine issue of fact to rebut the presumption of receipt established by the affidavit and EEOC log. *Id.* at 695. So, application of the time-bar and summary judgment was proper. *Id.* at 696.

Here, Acosta objects that he has not had a reasonable opportunity to present evidence pertinent to the issue of whether his complaint was timely filed, but instead needs discovery, which he "believes . . . will show that [the investigator] and the EEOC never mailed Plaintiff's Right to Sue notice." Doc. 22, Pl.'s Resp., 7. By contrast, the *Gamel* parties had already obtained the type of information Acosta and TDCJ may seek from the EEOC in discovery. *See Gamel*, 625 F. App'x at 692–93. So, unlike in *Gamel*, the Court finds that it is not appropriate to consider evidence outside the pleadings and convert this motion to one for summary judgment. *See id.* The Court next discusses what evidence is within the pleadings and may now be considered.

### 2. Acosta's Failure-to-Mail Allegations and the Right to Sue Letters Attached in Support of Those Allegations, as well as the EEOC's Date-Stamped Right to Sue Letter Copy are Outside the Pleadings

The Court finds that the Right to Sue Letter itself, Doc. 14-2, is part of the pleadings because it is attached to TDCJ's motion, is referred to in Acosta's complaint, and whether Acosta filed within ninety days after its issuance is central to his claim. *See Brackens v. Stericycle, Inc.*, 829 F. App'x 17,

23 (5th Cir. 2020) (noting that "documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims" may be considered part of the pleadings) (quoting *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014)). However, the Court finds that the additional evidence that has been offered in support of or opposition to the motion is *not* part of the pleadings, including: (1) the date-stamp indicating when the EEOC's copy of the Right to Sue Letter, Doc. 14-2, was received; (2) the chain of emails between Acosta's attorney and the EEOC investigator, Docs. 22-2, 22-3; (3) the ten right to sue letters received by Acosta's attorney and attached to Acosta's response, Doc. 22-4; (4) the emails between Acosta's attorney and the EEOC regarding the allegedly missing right to sue letters, Doc. 22-5; and (5) Acosta's failure-to-mail allegation, *see* Doc. 22, Pl.'s Resp., 4–5. *See Brackens*, 829 F. App'x at 23; *see also Gamel*, 625 F. App'x at 692–93 (finding that consideration of outside evidence regarding a right to sue letter's mailing, receipt, or lack thereof converted the motion to one for summary judgment). None of these documents are referred to in Acosta's pleadings, which merely state that Acosta received the Right to Sue Letter on January 16, 2021, and brought suit within ninety days of that date. *See* Doc. 11, Am. Compl, ¶¶ 10–11. Nor may Acosta amend his pleadings by presenting the failure-to-mail allegation in his response to a motion to dismiss his claims. *See In re Kosmos Energy Ltd. Sec. Litig.*, 955 F. Supp. 2d 658, 676 (N.D. Tex. 2013)*; In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011) (stating that "it is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss," quoting *In re Baker Hughes Sec. Litig.*, 136 F. Supp. 2d 630, 646 (S.D. Tex. 2001)). Therefore, the Court does not consider the documents attached to Acosta's response, the EEOC's date-stamped copy of the Right to Sue Letter, or Acosta's failure-to-mail allegation, in deciding

whether TDCJ is entitled to judgment on the pleadings.

### 3. Acosta's Pleadings Do Not Warrant Dismissing His Title VII Claims with Prejudice as Time-Barred

This leaves the Court considering only (1) Acosta's amended complaint, which merely states that "[o]n January [11], 2021, [Acosta] received a copy of the EEOC's Dismissal and Notice of Rights," and that his "complaint was filed within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue;" and (2) the Right to Sue Letter itself, which indicates a "date mailed" of September 16, 2020. Doc. 11, Am. Compl., ¶¶ 10–11; Doc. 14-2, EEOC Dismissal.

Acosta's pleadings are similar to those considered by the court in *Thompson*, the other case on which TDCJ relies. *See* 2018 WL 1116607, at *1. However, because the *Thompson* plaintiff had opportunity to amend her complaint but Acosta has not, the Court finds that dismissal with prejudice is not appropriate here and that Acosta should be granted leave to amend his complaint.

In *Thompson*, the plaintiff "admit[ted] the EEOC notice of right to sue was issued on February 28, 2018," but "claim[ed], without explanation, that she did not receive it until March 25, 2018." 2018 WL 1116607 at *3. Finding that the plaintiff's allegation of delayed receipt was merely conclusory, the court presumed a receipt date "of seven days after the February 28, 2018 date of issuance" and then dismissed with prejudice her Title VII claims as untimely. *Id*. Importantly, the *Thompson* court noted that the plaintiff had "already amended her complaint in response to [her former employer's] motion to dismiss, which alerted her of the importance of pleading a basis for equitable tolling of the applicable deadlines." *Id*. at *4. Despite being on notice that an explanation for her failure to timely file was required, she "failed to plead additional facts explaining her delay in receiving the notices or facts entitling her to tolling." *Id*. Therefore, the *Thompson* court declined to

give her leave to file a second amended complaint and dismissed her claims with prejudice, finding them time-barred. *Id.*

Unlike the *Thompson* plaintiff, Acosta has not had opportunity to amend his complaint in response to TDCJ's motion raising the time-bar issue. *C.f. id.* And if Acosta amends his pleadings to include the failure-to-mail allegation, the pleadings might plausibly cast doubt on the fact of the letter's mailing and preclude the Court from presuming a September 2020 receipt date. *C.f. i.d.*; *Bowers v. Potter*, 113 F. App'x 610, 613 (5th Cir. 2004) (finding that judgment on the pleadings was appropriate where the plaintiff failed to file within ninety days of his *claimed* receipt date, much less the presumed receipt date).

Therefore, at this stage of the proceedings, the Court declines to definitively apply a presumption of receipt based on the letter's supposed September 16, 2021, mailing.[3] Accordingly, TDCJ is not entitled to judgment dismissing Acosta's Title VII claims with prejudice as time-barred. Because the Court concludes that no definitive presumption of receipt is warranted at this time, the Court need not consider whether equitable tolling of the statute is appropriate.

However, like the *Thompson* court, the Court finds that Acosta's current complaint is conclusory and cannot rebut the presumption of receipt potentially established by the date printed on the Right to Sue Letter. *See Thompson*, 2018 WL 1116607 at *4. Lacking sufficient, well-pleaded factual allegations to support Acosta's contention that the letter was not mailed on the September 16, 2020, date, the Court **DISMISSES** Acosta's claims **WITHOUT PREJUDICE.**

---

[3] The Court notes that it does not now determine whether Acosta's suit may ultimately prove to have been timely or untimely filed, but merely decides whether Acosta's pleadings sufficiently support his claim to have timely filed.

B.     *The Court Grants Acosta Leave to Amend His Pleadings*

Acosta does not request leave to amend his pleadings in response to TDCJ's motion for judgment on the pleadings. *See* Doc. 22, Pl.'s Resp. However, under the Federal Rules of Civil Procedure, the court should freely give leave to amend when justice so requires. *See* FED. R. CIV. P. 15(a)(2). The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). In determining whether to allow such amendment, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Here, the Court finds that it is in the interest of justice that Acosta be given one opportunity to replead his claims regarding timely filing or equitable tolling. Acosta has filed one amended complaint, but has not had opportunity to amend his complaint after TDCJ raised the issue of the presumption of timely receipt. *See* Doc. 11, Am. Compl.; Doc. 14, Def.'s Mot. Accordingly, the Court **GRANTS LEAVE** to Acosta to file an amended complaint pleading additional facts to explain why the Court should not apply a presumption of receipt or should equitably toll Acosta's Title VII claims, within **FOURTEEN (14)** days of the date of this Order, should he choose to do so.

## IV.

## CONCLUSION

For these reasons, the Court **GRANTS** TDCJ's motion for judgment on the pleadings (Doc. 14) and **DISMISSES WITHOUT PREJUDICE** Acosta's claims. Additionally, the Court

**GRANTS LEAVE** to Acosta to file a Second Amended Complaint addressing the failure-to-mail allegations discussed above, within **FOURTEEN (14)** days of the date of this Order.

**SO ORDERED.**

**SIGNED: November 18, 2021.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE