UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY ACOSTA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-0816-B |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Texas Department of Criminal Justice ("TDCJ")'s Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 31). For the reasons that follow, the Court **DENIES** the motion.

I.

BACKGROUND

This is a racial discrimination case.[1] Plaintiff Jeffrey Acosta is a Hispanic man whose grandparents are from Mexico. Doc. 28, 2d Am. Compl., ¶ 23. Between February 22, 2015, and April 12, 2017, he worked as an HVAC Supervisor at TDCJ's Hutchins State Jail facility in Dallas, Texas. *Id.* ¶¶ 24–25, 40. Acosta claims that he "was the only Mexican, Hispanic employee in his department" and that "beginning in October 2016," he "was subjected to a discriminatory and hostile work environment" based on his ethnicity. *Id.* ¶¶ 26–27. During that time, coworkers "regularly

___

[1] Acosta styles his claim as one for racial discrimination based on his Hispanic race and also references his grandparents' national origin of Mexico. Doc. 28, 2d Am. Compl., ¶ 23.

berated" him "with discriminatory comments" and used a derogatory racial epithet to describe people of Mexican heritage, Acosta says. *Id.* ¶ 28. Coworkers also crossed out an office calendar's reference to Cesar Chavez Day and wrote in "El Chapo Day," he claims. *Id.* ¶ 29. Acosta further alleges that a coworker "approached a prisoner worker and told the prisoner to set [Acosta] up for theft or misplacement of a sensitive tool in an attempt to sabotage [Acosta's] continued employment with [TDCJ]." *Id.* ¶ 30.

In response to these conditions, Acosta filed a complaint with the facility's Senior Warden, on or about November 18, 2016, alleging "discrimination, hostile work environment, and physical threats he was receiving from his Caucasian peers." *Id.* ¶ 31. Acosta claims that the investigation that followed merely consisted of "ask[ing] the individuals [Acosta] complained about if they made any discriminatory comments towards [Acosta]," and that "[w]hen the individuals denied making the comments, the investigation was closed less than a month later, . . . without any further action" taken against the alleged offenders. *Id.* ¶ 32.

But, Acosta claims that TDCJ *did* take retaliatory actions against him. *Id.* ¶ 33. On February 16, 2017, Acosta was told he was under disciplinary investigation for failing to follow procedures for documenting refrigerant logs. *Id.* ¶ 34. Acosta claims that he never "acted out of compliance with his training" and that his supervisors failed to provide him with the work orders he needed to properly document the refrigerant logs. *Id.* ¶¶ 34–39. After an employee hearing, Acosta was notified on April 12, 2017, that his employment had been terminated. *Id.* ¶¶ 39–40. Acosta maintains that the true reason for this termination was retaliation for his protected complaints. *Id.* ¶ 33.

On or about May 31, 2017, Acosta filed a charge of discrimination with the EEOC. *Id.* ¶ 8. He states that the charge filing was made within 180 days after the alleged unlawful employment

practices occurred. *Id.* ¶ 9. Acosta filed his original complaint in the present suit on April 8, 2021, asserting claims for employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964. Doc. 1, Original Compl.

Thereafter, TDCJ moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), claiming that "[u]pon review of [EEOC records related to this case] . . . it has . . . become apparent that all of Acosta's Title VII claims . . . are time-barred" because "Acosta waited more than six months," to file them in this Court. Doc. 14, Def.'s 12(c) Mot., 1–2. TDCJ calculates that Acosta received notice of his right to sue not on January 11, 2021, when he received the right-to-sue letter attached to an email from the EEOC investigator assigned to his claim, Doc. 28-3, Robinson email, but soon after September 16, 2020, the "date mailed" printed on the right-to-sue letter. *Id.* at 4; Doc. 14-2, EEOC Dismissal. Noting that TDCJ received its own copy of the right-to-sue letter on September 18, 2020, TDCJ argued that the Court should presume that Acosta received the letter no later than September 23, 2020, seven days after the purported mailing. Doc. 14, Def.'s 12(c) Mot., 4. Acosta argued that no presumption of receipt is appropriate because evidence suggests the EEOC did not mail him the letter on September 16, 2020. Doc. 22, Pl.'s 12(c) Resp., 3–4. His response to TDCJ's motion included additional allegations that the letter was not mailed to him on September 16, 2020 ("the failure-to-mail allegation") and argued that, alternatively, his claims were subject to the doctrine of equitable tolling. *Id.* at 3–5.

By Memorandum Opinion and Order dated November 18, 2021, the Court granted TDCJ's motion and dismissed Acosta's claims as inadequately pled. *Acosta v. Tex. Dep't of Crim. Just.*, 2021 WL 5395997, at *1 (N.D. Tex. Nov. 18, 2021). However, the Court granted Acosta leave to amend his complaint. *Id.* Acosta filed his Second Amended Complaint on December 2, 2021, adding the

failure-to-mail allegation. Doc. 28, 2d Am. Compl., ¶¶ 10–22. Now, TDCJ moves to dismiss the Second Amended Complaint for the reasons asserted in the previous motion and because equitable tolling does not apply. Doc. 31, Defs.' Mot. Acosta timely responded and TDCJ did not file a reply within fourteen days; accordingly, the motion is ripe for the Court's review. *See* N.D. Tex. Loc. Civ. R. 7.1(f). The Court considers it below.

## II.

## LEGAL STANDARD

In analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6), "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A Rule 12(b)(6) motion to dismiss should be granted only if the complaint does not include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). However, a complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court's review under Rule 12(b)(6) is limited to allegations in the plaintiff's complaint and those documents attached to the defendant's motion to dismiss to the extent they are referred to in the complaint and are central to the plaintiff's claims. *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). Otherwise, "the motion to dismiss must be treated as a motion for summary judgment under Rule 56(c)." *Id.*

## III.

## ANALYSIS

For the following reasons, the Court finds that Acosta has adequately pled facts that, taken as true, rebut the presumption that he first received the right-to-sue letter shortly after its alleged mailing on September 16, 2020, rather than on January 11, 2021. Therefore, the Court **DENIES** TDCJ's motion.

A plaintiff claiming employment discrimination "must exhaust administrative remedies before pursuing [Title VII] claims in federal court." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). This requires that the plaintiff file a timely charge with the EEOC, receive a statutory notice of right to sue from the EEOC, and file a civil action within ninety days after receiving the notice. *Id.* at 379. "[T]he ninety-day limitation period is strictly construed" and "begins to run on the date that the EEOC right-to-sue letter is received." *Id.* (emphasis omitted). "When the date on which a right-to-sue letter was actually received is either unknown or disputed," courts may use a "mailbox rule" to presume that the letter was received within a reasonable time after the date of mailing. *Id.* (citing *Lozano v. Ashcroft*, 258 F.3d 1160, 1164 (10th Cir. 2001); *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984)); *see also Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 419 (5th Cir. 2007) (noting that "[t]he version of the mailbox rule" used under these circumstances "provides that the proper and timely mailing of a document raises a rebuttable presumption that the document has been received by the addressee in the usual time"). However, "[a] threshold question for the application of [this] mailbox rule is whether there is sufficient evidence that the letter was actually mailed." *Custer*, 503 F.3d at 419.

Acosta's Second Amended Complaint states in relevant part that he timely filed an EEOC

charge that "was assigned to Investigator Kelly Robinson [("Robinson")] with the EEOC's Dallas
District Office for investigation on or about May 1, 2019." Doc. 28, 2d Am. Compl., ¶¶ 9–10. "Over
one year later, on May 27, 2020, [Robinson] sent an email to Plaintiff's counsel notifying them that
Defendant had provided a position statement and she was transmitting a copy for Plaintiff's review
and response." *Id.* ¶¶ 11. Plaintiff's counsel emailed a response to the position statement on June 16,
2020. *Id.* After not hearing back from Robinson for "almost six months," Plaintiff's counsel emailed
Robinson "on December 7, 2020, requesting an update on the status of the case." *Id.* ¶ 12. "When
no response was received," Plaintiff's counsel sent Robinson "a second email requesting an update
on the status of Plaintiff's charge . . . on January 11, 2021." *Id.* ¶ 13. "Later that same day . . .
Robinson replied to the email . . . asserting that the EEOC had closed the case and attach[ing] a
copy of the EEOC's Dismissal and Notice of Rights." *Id.* ¶ 14. "This was the first time Plaintiff, or
his counsel, received notice of the EEOC's dismissal." *Id.*

Plaintiff pleads that though he "designated his home address and the address of his legal
counsel for receipt of communications from the EEOC" neither he nor his counsel ever received the
right-to-sue letter before receiving the copy attached to the January 11, 2021 email. *Id.* ¶¶ 14–15.
He states that in September 2020, "around the same time as Plaintiff[s] Right to Sue notice is dated,
September 16, 2020" his counsel's office received Right to Sue notices for other clients, each "within
two to ten days of the date they were dated/issued." *Id.* ¶ 18. But "[n]one of these Right to Sue
notices were issued by . . . Robinson." *Id.* By contrast, "three [other] Right to Sue notices, including
Plaintiff's . . . [all] allegedly issued in August and September of 2020"—and all issued by
Robinson—were received by "neither the firm nor its clients . . . in the mail." *Id.* ¶ 19. The three
Robinson-issued notices, Plaintiff states, "were the only Right to Sue notices [counsel's] firm did not

receive." Plaintiff deduces that:

> Failure to receive one notice could be considered an error with the U.S. Postal service, but the likelihood of the three Right to Sue notices issued by . . . Robinson all failing to reach [counsel's] office and those being the only notices the firm did not receive seems implausible, and a more likely presumption is that the Right to Sue notices were in fact not mailed.

*Id.* ¶ 20.

TDCJ argues that Acosta's newly-pled allegations are insufficient to overcome the presumption of receipt and that his claims are time barred. Doc. 31, Def.'s Resp, 4–5. It asserts that the newly-pled allegations focus on notices received by Acosta's counsel and therefore do not provide any nonconclusory basis to rebut the presumption that Acosta timely received the letter at his home address. *Id.* at 5. In support of its claims, TDCJ offers *Thompson v. Legal Aid of Nw. Tex.*, 2019 WL 1116607 (N.D. Tex. Feb. 21, 2019), *report and recommendation adopted by* 2019 WL 1115720 (N.D. Tex. Mar. 11, 2019). *Id.* at 6. TDCJ also argues that the new pleadings do not show that equitable tolling is warranted. *Id.* at 7–8.

Unlike the pleadings at issue in *Thompson*, Acosta's operative pleadings, taken as true, are sufficient to rebut a presumption of timely receipt. In *Thompson*, the plaintiff "admit[ted] the EEOC notice of right to sue was issued on February 28, 2018," but "claim[ed], *without explanation*, that she did not receive it until March 25, 2018." 2019 WL 1116607, at *3 (emphasis added). Finding that the plaintiff's allegation of delayed receipt was merely conclusory, the court presumed a receipt date "of seven days after the February 28, 2018 date of issuance" and then dismissed with prejudice her Title VII claims as untimely. *Id.* at *3–4. By contrast, Acosta's failure-to-mail allegation provides a detailed explanation for Acosta's belief that Robinson did not mail copies of his right-to-sue letter to him and his counsel in September 2020. *See* Doc. 28, 2d Am. Compl., ¶¶ 16–20; *cf. Thompson*,

2019 WL 1116607, at *3. Acosta pleads that his counsel had multiple clients for which it received right-to-sue letters in August and September 2020—none issued by Robinson—and three clients (including Acosta) whose right-to-sue letters—all supposedly issued and mailed by Robinson in September 2020—were never received by either the firm or the clients. Doc. 28, 2d Am. Compl., ¶¶ 18–20. While TDCJ asserts that these allegations apply only to the copy mailed to Acosta's counsel and not to the copy mailed to Acosta's home address, Acosta pleads that *neither* copy was mailed, and that two of the firm's other clients also never received the copies supposedly mailed to their home addresses. *Id.* ¶¶ 14–15, 18–20.

Accordingly, the Court finds Acosta's pleadings plausibly cast doubt on whether *both* copies of the right-to-sue letter—Acosta's and his counsel's—were mailed as dated. This precludes the Court from presuming a September 2020 receipt date at this procedural stage. *Cf. Gamel v. Grant Prideco, L.P.*, 625 F. App'x 690, 693 (5th Cir. 2015) (considering evidence of mailing on summary judgment). Because the Court finds that application of the receipt presumption is not now appropriate, it does not now consider whether the doctrine of equitable tolling applies.

## IV.

## CONCLUSION

For these reasons, the Court **DENIES** TDCJ's Motion to Dismiss the Second Amended Complaint (Doc. 31).

**SO ORDERED.**

**SIGNED: March 30, 2022.**

_____

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

- 8 -