UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEFFREY ACOSTA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:21-CV-0816-B |
| § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Texas Department of Criminal Justice ("TDCJ")'s limited motion for summary judgment. Doc. 44, Mot. Summ. J. For the following reasons, the Court **GRANTS** the motion.

## I.

## BACKGROUND

This is a racial discrimination case.[1] Plaintiff Jeffrey Acosta ("Acosta") is a Hispanic man whose grandparents are from Mexico. Doc. 28, 2d Am. Compl., ¶ 23. Between February 22, 2015, and April 12, 2017, he worked as an HVAC Supervisor at TDCJ's Hutchins State Jail facility in Dallas, Texas. *Id.* ¶¶ 24–25, 40. Acosta claims that he "was the only Mexican, Hispanic employee in his department" and that "beginning in October 2016," he "was subjected to a discriminatory and hostile work environment" based on his ethnicity. *Id.* ¶¶ 26–27. During that time, coworkers "regularly berated" him "with discriminatory comments" and used a derogatory racial epithet to

---

[1] Acosta styles his claim as one for racial discrimination based on his Hispanic race and also references his grandparents' national origin of Mexico. Doc. 28, 2d Am. Compl., ¶ 23.

describe people of Mexican heritage, Acosta says. *Id.* ¶ 28. Coworkers also crossed out an office calendar's reference to Cesar Chavez Day and wrote in "El Chapo Day," he claims. *Id.* ¶ 29. Acosta further alleges that a coworker "approached a prisoner worker and told the prisoner to set [Acosta] up for theft or misplacement of a sensitive tool in an attempt to sabotage [Acosta's] continued employment with [TDCJ]." *Id.* ¶ 30.

In response to these conditions, Acosta filed a complaint with the facility's Senior Warden on or about November 18, 2016, alleging "discrimination, hostile work environment, and physical threats he was receiving from his Caucasian peers." *Id.* ¶ 31. Acosta claims that the investigation that followed merely consisted of "ask[ing] the individuals [Acosta] complained about if they made any discriminatory comments towards [Acosta]." *Id.* ¶ 32. Acosta claims that "[w]hen the individuals denied making the comments, the investigation was closed less than a month later, . . . without any further action" taken against the alleged offenders. *Id.*

But, Acosta claims that TDCJ *did* take retaliatory actions against him. *Id.* ¶ 33. On February 16, 2017, Acosta was told he was under disciplinary investigation for failing to follow procedures for documenting refrigerant logs. *Id.* ¶ 34. Acosta claims that he never "acted out of compliance with his training" and that his supervisors failed to provide him with the work orders he needed to properly document the refrigerant logs. *Id.* ¶¶ 34–39. After an employee hearing, Acosta was notified on April 12, 2017, that his employment had been terminated. *Id.* ¶¶ 39–40. Acosta maintains that the true reason for this termination was retaliation for his protected complaints. *Id.* ¶ 33.

On or about May 31, 2017, Acosta filed a charge of discrimination with the EEOC. *Id.* ¶ 8. He states that the charge filing was made within 180 days after the alleged unlawful employment

practices occurred. *Id.* ¶ 9. Acosta filed the present suit on April 8, 2021, asserting claims for employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964. Doc. 1, Original Compl.

Thereafter, TDCJ moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), claiming that "[u]pon review of [EEOC records related to this case] . . . it has . . . become apparent that all of Acosta's Title VII claims . . . are time-barred" because "Acosta waited more than six months," to file them in this Court. Doc. 14, Def.'s 12(c) Mot., 1–2. TDCJ calculated that Acosta received notice of his right to sue not on January 11, 2021, when he received the right-to-sue letter attached to an email from the EEOC investigator assigned to his claim, Doc. 28-3, Robinson email, but soon after September 16, 2020, the "date mailed" printed on the right-to-sue letter. Doc. 14, Def.'s 12 (c) Mot., 4; Doc. 14-2, EEOC Dismissal. Noting that TDCJ received its own copy of the right-to-sue letter on September 18, 2020, TDCJ argued that the Court should presume that Acosta received the letter no later than September 23, 2020, seven days after the purported mailing. Doc. 14, Def.'s 12(c) Mot., 4. Acosta argued that no presumption of receipt was appropriate because evidence suggests the EEOC did not mail him the letter on September 16, 2020. Doc. 22, Pl.'s 12(c) Resp., 3–4. His response to TDCJ's motion included additional allegations that the letter was not mailed to him on September 16, 2020 ("the failure-to-mail allegation"), and argued that, alternatively, his claims were subject to the doctrine of equitable tolling. *Id.* at 3–5.

By Memorandum Opinion and Order dated November 18, 2021, the Court granted TDCJ's motion and dismissed Acosta's claims as inadequately pled. *Acosta v. Tex. Dep't of Crim. Just.*, 2021 WL 5395997, at *1 (N.D. Tex. Nov. 18, 2021). However, the Court granted Acosta leave to amend his complaint. *Id.* Acosta filed his Second Amended Complaint on December 2, 2021, adding

the failure-to-mail allegation. Doc. 28, 2d Am. Compl., ¶¶ 10–22. TDCJ then moved to dismiss Acosta's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Doc. 31, 12(b) Mot. Dismiss. The Court denied the motion, declining to consider evidence of mailing at that procedural stage[2] and finding that Acosta's pleadings were adequately pled to survive a Rule 12(b)(6) motion to dismiss. *Acosta v. Texas Dep't of Crim. Just.*, 2022 WL 953335, at *3–4 (N.D. Tex. Mar. 30, 2022).

Now, TDCJ moves for summary judgment as to the issue of the timeliness of Acosta's discrimination claims, again arguing that the claims are time-barred and that equitable tolling does not apply. Doc. 44, Def.'s Mot. Acosta timely responded and TDCJ did not file a reply within fourteen days; accordingly, the motion is ripe for the Court's review. *See* N.D. Tex. Loc. Civ. R. 7.1(f). The Court considers it below.

## II.

## LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes about material facts will preclude granting summary judgment. *Id*.

---

[2] In analyzing TDCJ's motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court reviewed only the pleadings, accepted Acosta's well-pleaded facts as true and viewed them in the light most favorable to Acosta. *Acosta*, 2022 WL 953335, at *3–4.

The party who moves for summary judgment bears the burden of proving that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the movant need not support its motion with evidence negating the non-movant's case. *Id.* Rather, the movant may satisfy its burden by pointing to the absence of evidence to support the non-movant's case. *Id.*; *Little*, 37 F.3d at 1075.

Once the movant has met its burden, the non-movant must show that summary judgment is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "This burden is not satisfied with some metaphysical doubt as to material facts by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Id.* (internal citations omitted). Rather, the non-moving party must "come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (quoting Fed. R. Civ. P. 56(e)). To determine whether a genuine issue exists for trial, the Court must view all evidence in the light most favorable to the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000). If that evidence would allow a reasonable jury to return a verdict for the non-movant, a genuine issue of material fact exists, and summary judgment is inappropriate. *Id.*; *Anderson*, 477 U.S. at 247–48.

## III.

## ANALYSIS

TDCJ moves for summary judgment on the grounds that Acosta's suit is time-barred because it was filed outside the statutory period. Doc. 44, Def.'s Mot. First, the Court analyzes whether there is an issue of material fact as to whether Acosta timely filed this suit. Second, the Court evaluates whether the doctrine of equitable tolling applies. For the following reasons, the Court finds that

Acosta's claims are time-barred and that equitable tolling does not apply. Therefore, the Court **GRANTS** summary judgment in favor of TDCJ.

A.   *Acosta's Claim Is Time-Barred*

Unlike in TDCJ's previous motion, the Court now considers both the pleadings *and* record evidence to determine whether a genuine issue of material fact exists as to the timeliness of Acosta's suit. *See Little*, 37 F.3d at 1075. After considering the pleadings and record evidence, the Court determines that the mailbox rule and presumption of receipt applies. While Acosta has provided some evidence to show that he did not receive the right-to-sue letter, when viewed in light of all of the record evidence, the Court finds that the EEOC mailed the right-to-sue letters, the presumption of receipt applies, and the presumption of receipt is not overcome.

    1.   The Presumption of Receipt Applies

"When doubt exists as to whether an addressee received a letter, [courts apply] the mailbox rule, which provides that '[p]roof that a letter properly directed was placed in a U.S. post office mail receptacle creates a presumption that it reached its destination in the usual time and was actually received by the person to whom it was addressed.'" *Gamel v. Grant Prideco, L.P.*, 625 F. App'x 690, 694 (5th Cir. 2015) (per curiam) (second alteration in original) (quoting *United States v. Ekong*, 518 F.3d 285, 287 (5th Cir. 2007)). *See also Burton v. Banta Glob. Turk., Ltd.*, 170 F. App'x 918, 922 (5th Cir. 2006); *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989). In order for the presumption to apply, there must be sufficient proof that the letter was either sent or delivered. *Burton*, 170 F. App'x at 922–23. "Placing a letter in the mail may be proved by circumstantial evidence, such as evidence of the sender's standard mailing practices." *Gamel*, 625 F. App'x at 694 (quoting *Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 420 (5th Cir. 2007). "[A] sworn statement

is credible evidence of mailing for the purposes of the mailbox rule." *Custer,* 503 F.3d at 421 (alteration in original) (quoting *Schikore v. BankAmerica Supplemental Ret. Plan,* 269 F.3d 956, 964 (9th Cir. 2001)). Proof of mailing may be established by testimony from a person who has "personal knowledge of the procedures in place at the time of mailing," even if they do not have direct memory of mailing the letter. *Burton,* 170 F. App'x at 924 (citing *Simpson v. Jefferson Standard Ins. Co.,* 465 F.2d 1320, 1324 (6th Cir. 1972).

In *Gamel*, a plaintiff claimed that they did not receive their original right-to-sue letter from the EEOC and that the ninety-day statutory period did not start until they received a copy of the letter some months later. 625 F. App'x at 692. The *Gamel* court found that a sworn affidavit from the EEOC employee responsible for mailing right-to-sue letters plus two pieces of circumstantial evidence—an internal EEOC log noting that the letter had been mailed and a "Date Mailed" stamp on the letter—were sufficient to establish that the letter had been mailed and "more than sufficient to create a presumption" that the original letter had been received. *Id.* at 694–95. The court held that the presumption of receipt applied to the original letter and that the plaintiff's claims were time-barred. *Id.* at 696.

Here, TDCJ provides similar evidence. *See* Doc. 44, Exs. A, C, D. The EEOC employee responsible for mailing the letter, Tammy Johnson, provided an affidavit. Doc. 44, Ex. D., 3–4. Ms. Johnson conceded that she does not have direct memory of mailing the letter, but she did testify to personal knowledge of the mailing procedures in place at the time. *Id.* She claims that it is her "customary, regular[,] and consistent practice to mail the closure documents to the Charging Party, a Charging Party's Legal Representative[,] and the Respondent's representative by U.S. Mail" after

she uploads the Form 161 Notice of Rights into the EEOC's online portal, which she did on September 16, 2020. *Id.* at 3; Doc. 44, Ex. C, 3.

Just as in *Gamel*, TDCJ also provides circumstantial evidence, including the EEOC "Action History" log, which indicates that the case was decided, uploaded to the EEOC portal, and sent to Tammy Johnson for signature and mailing on September 16, 2020. Doc. 44, Ex. C, 3. Like *Gamel*, Acosta's letter also contained a clear "Date Mailed" field, indicating that the letter was mailed on September 16, 2020. *See Gamel*, 625 F. App'x at 692; Doc. 46, Pl.'s Resp., Ex. C, 13. Consistent with this evidence, TDCJ received its copy of the letter two days later. Doc. 44, Ex. A.

To combat this evidence, Acosta has presented a factually detailed failure-to-mail theory. Doc. 28, 2d Am. Compl., ¶¶ 18–19. According to Acosta, his counsel, who represent other clients with EEOC claims, have timely received right-to-sue letters for each of their clients except for three. *Id.* Each of these three clients' cases, including Acosta's, was managed by the same EEOC employee: Kelly Robinson. *Id.* Acosta argues that this commonality creates a strong presumption that Ms. Robinson failed to mail the letters, so the presumption of receipt should not apply. *Id.* ¶ 20. The Court disagrees.

The fact that the TDCJ received its copy of Acosta's right-to-sue letter undermines Acosta's claim that the EEOC somehow erred in sending out the letters for Acosta's case. Additionally, as Tammy Johnson's affidavit shows, Kelly Robinson was not the EEOC employee responsible for mailing the letters—it was Ms. Johnson's responsibility. Doc. 44, Ex. D., 3–4. The EEOC Action Log shows that Kelly Robinson fulfilled her responsibilities by uploading Acosta's documents into the EEOC employee portal and sending them to Ms. Johnson for signature and mailing. Doc. 44, Ex. C., 3. Therefore, even taking as true Acosta's claim that his attorneys' other clients with claims

investigated by Kelly Robinson did not receive their right-to-sue letters, it does not create a presumption that Acosta's letter was not properly mailed by Tammy Johnson. Therefore, without other evidence substantiating the failure-to-mail theory, Acosta's theory does not overcome TDCJ's evidence.

In sum, because the factual record here so clearly mirrors the set of evidence that the *Gamel* court considered "more than sufficient" to establish the presumption of receipt[3] and because actual memory of mailing the right-to-sue letter is not required when the mailer has personal knowledge of the standard mailing procedures in place, the Court finds that the presumption of receipt applies to Acosta.[4] *See Gamel*, 625 F. App'x at 693–95; *Burton*, 170 F. App'x at 924.

### 2. Acosta Has Not Rebutted the Presumption of Receipt

"Once the presumption of receipt applies, '[i]f a particular plaintiff can offer some evidence to demonstrate that he or she did not receive the letter within the allotted time, the presumption can certainly be overcome.'" *Gamel*, 625 F. App'x at 695 (alteration in original) (quoting *Morgan v. Potter*, 489 F.3d 195, 197 n.1 (5th Cir. 2007)). "However, 'the addressee's "bare assertion of non-receipt" is insufficient to rebut the [presumption].'" *Id.* (alteration in original) (quoting *Ekong*, 518 F.3d at 287).

Here, the only evidence offered to rebut the presumption of receipt is the fact that Acosta's counsel contacted Kelly Robinson in December 2020 and January 2021 seeking updates on the case.

---

[3] The Court notes that *Gamel* was not selected for publication by the Fifth Circuit pursuant to 5th Cir. R. 47.5 and is therefore not binding precedent under 5th Cir. R. 47.5.4. However, because of its factual similarities, the Court finds *Gamel* highly persuasive and adopts the Fifth Circuit's approach in this case.

[4] Because the Court finds that the presumption of receipt applies, the Court does not address TDCJ's argument that the EEOC's online portal established constructive notice.

Doc. 45, Pl.'s Resp., 5–6.[5] Acosta argues that his counsel's active inquiry into the status of his case shows that they had not received the right-to-sue letter. *Id.*

However, in the Fifth Circuit, the presumption of receipt and the ninety-day limitation period applies to both the claimant *and* his counsel. *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986). Ms. Johnson's affidavit shows that the EEOC's practice is to mail the right-to-sue letter to both the claimant and their legal representative. Doc. 44, Ex. D., 3–4. The fact that Acosta's attorneys requested updates on the case from Ms. Robinson by email in December and January 2020 does somewhat undermine the presumption that Acosta's *counsel* received the letter, but it does not rebut the presumption that Acosta *himself* received his original copy of the right-to-sue letter. Since Acosta has provided no evidence other than the bare assertion of non-receipt to show that he did not receive his copy of the right-to-sue letter, he has not rebutted the presumption of receipt. *See Ringgold*, 796 F.2d at 770.

Acosta is therefore presumed to have received the right-to-sue letter no later than September 23, 2020. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) ("When the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed."). Based on a seven-day presumptive period of receipt, Acosta's claim must have been filed within ninety days of September 23, 2020—or by December 22, 2020. *See* 42 U.S.C. § 2000e-5(f)(1). Since Acosta did not file this lawsuit until April 8, 2021, the Court finds that his case is untimely.

---

[5] Acosta's claim that his counsel has not received right-to-sue letters for other clients whose cases were managed by Kelly Robinson is merely "a bare assertion of non-receipt," and therefore not sufficient to rebut the presumption. *Cf. Ekong*, 518 F.3d at 287; *Gamel*, 625 F. App'x at 695–96.

*B.    Equitable Tolling Does Not Apply*

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). However, the Fifth Circuit has stated that "equitable tolling applies only in 'rare and exceptional circumstances.'" *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010) (quoting *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002)). It is thus "a narrow exception" to be "applied sparingly." *Sivertson v. Clinton*, 2012 WL 4473121, at *3 (N.D. Tex. Sept. 28, 2012) (quoting *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th Cir. 2011)). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Such circumstances occur "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Roe v. United States*, 839 F. App'x 839, 843 (5th Cir. 2020) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). *See Sivertson*, 2012 WL 4473121, at *3.

The Fifth Circuit has described at least three bases for equitable tolling in the context of a Title VII claim: "(1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of [his or] her rights." *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (quoting *Wilson v. Sec'y, Dep't of Veterans Affs.*, 65 F.3d 402, 404 (5th Cir. 1995) (per curiam)). Acosta concedes that this case does not fall neatly within any of these categories, Doc. 45, Pl.'s Resp., 7, and clearly, the first two

categories do not apply. Rather, Acosta argues that Ms. Robinson's failure to respond to email requests about the status of Acosta's case on December 7, 2020—when Acosta still had time to file within the statutory period—misled him about the nature of his rights by failing to notify him of his rights. *Id.* at 7–8. He further argues that Ms. Robinson's failure to respond to the December 7 email "gave him no cause to believe that his case had been dismissed and he continued under the reasonable assumption that his case was still under investigation." *Id.* at 8. This argument fails to justify the application of equitable tolling.

Acosta has not demonstrated the due diligence and "extraordinary circumstance" required to apply equitable tolling. *See Pace*, 544 U.S. at 418. When Acosta and his counsel realized they had not heard back from the EEOC in nearly six months, they emailed Kelly Robinson on December 7, 2020, to get an update on the case. Doc. 45, Pl.'s Resp., 2. Had Ms. Robinson responded timely to that email, Acosta might have timely filed his complaint. However, Acosta did not follow up again for over a month. *Id.* When he did follow up again in January 2021, Ms. Robinson responded, but by then, it was too late to timely file a claim. *See Id.* at 8. The Court cannot conclude that Acosta exercised due diligence by waiting a full month to follow up when he did not hear back from Ms. Robinson in December. Acosta should not have assumed that the case was still under review and that no action was required when Ms. Robinson did not respond to the first email in December. Acosta could have made another attempt to contact Ms. Robinson sooner or used the EEOC's online portal, which would have provided Acosta with the most up-to-date information on his case. Acosta and his counsel should have followed up sooner, especially considering the risk that his ninety-day statutory period may have been ticking away and his right to action could expire.

Further, the Fifth Circuit has held that in order to justify equitable tolling by showing that the EEOC has misled a claimant about his rights, "[i]t is not sufficient for [him] to show that the EEOC failed to give him some relevant information." *Ramirez v. City of San Antonio*, 312 F.3d 178, 184 (5th Cir. 2002). The claimant "must demonstrate that the EEOC gave him information that was affirmatively wrong." *Id.* Therefore, in order for equitable tolling to apply, Acosta must have demonstrated that the EEOC actively misled him by providing affirmatively wrong information. *See id.* Silence or delay in providing the information is not enough. *Id.* But Acosta's argument for equitable tolling does not rest on any affirmatively misleading statement from the EEOC, nor was he "prevented in some extraordinary way from asserting his rights." *See Rashidi,* 96 F.3d at 128. Rather, his claim rests entirely on the EEOC's failure to provide information, a circumstance expressly denied application of equitable tolling by the Fifth Circuit. *See Ramirez*, 312 F.3d at 184–85. Because the EEOC did not actively mislead Acosta by providing incorrect information, the Court finds that equitable tolling does not apply.

## IV.

## CONCLUSION

Because the pleadings and record evidence establish that the presumption of receipt applies, the presumption was not successfully rebutted, and equitable tolling does not apply, the Court finds that there is no issue of material fact as to whether Acosta timely filed this suit, and that he did not. Therefore, Acosta's claim is time-barred and TDCJ is entitled to judgment as a matter of law. Accordingly, the Court **GRANTS** TDCJ's motion for summary judgment and enters judgment in favor of TDCJ.

SO ORDERED.

SIGNED: July 5, 2022.

*[signature]*

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE